133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juana TELLO; Magdalena Yessenia Tello, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 97-70407, Aha-fqw-uzf, Aym-yax-aio.
 United States Court of Appeals, Ninth Circuit.
 Dec. 19, 1997.**
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juana Tello and her daughter, Magdalena Yessenia Tello, natives and citizens of Guatemala petition pro se for review of the decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's denial of their applications for asylum and withholding of deportation pursuant to 8 U.S.C. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition.
 
 
 3
 We review the denial of asylum for abuse of discretion. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the BIA's factual findings for substantial evidence and will uphold the decision unless the evidence compels a contrary result. See id.
 
 
 4
 The Tellos contend that the BIA's determination that they failed to establish past persecution or a well-founded fear of future persecution on account of imputed political opinion is not supported by substantial evidence.[2] We disagree.
 
 
 5
 The Tellos testified that the guerillas sought to forcibly recruit. them and to obtain food and supplies. This does not constitute persecution on account of the statutory grounds listed in 8 U.S.C. § 1101(a)(42(A)). See INS v. Elias-Zacarias, 502 U.S. 478, 431-82 (1992); see also Sangria v. INS, 103 F.3d 1482, 1490 (9th Cir.1997).
 
 
 6
 Because the Tellos failed to meet the less stringent standard required to establish their eligibility for asylum, we affirm the BIA's denial of withholding of deportation See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However because the new provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [2]
 The Tellos contend that the immigration judge erred by finding their testimony incredible. However, because the BIA conducted a de novo review of the case, this court reviews the decision of the BIA and not that of the immigration judge. See Georgio v. INS, 90 F.3d 374, 376 (9th Cir.1996) (per curiam) Moreover, neither the BIA nor the immigration judge made an adverse credibility finding